## The State of Iowa v. Inskeep.

1. PRACTICE: REFERENCE. The issues in an action commenced under the Code of 1851, were referred to a referee, under § 3090 of the Revision of 1860, against the objections of one of one of the parties: it was held that the reference could be made only in accordance with the provisions of the Code of 1851, and was therefore erroneous.

*Appeal from Lee District Court.*

THURSDAY, OCTOBER 17.

*Beck* and *Miller* for the appellant.

*Nourse*, Attorney General, for the State.

LOWE, C. J.—The above entitled cause was commenced under the Code of 1851, under which, by consent of both parties litigant, any and all of the matters involved in any suit might be submitted to three referees. The cause was called up for hearing after the new Code had taken effect, which confers upon the court the power to direct a reference without the consent of parties in a given class of cases, within which it is believed this cause falls. The court accordingly ordered a reference in pursuance of § 3090 of the Rev. of 1860, against the protestations of defendant. The legality of this order, under the circumstances, is the chief question in the case which is presented in this court. And this question, we are inclined to believe, is settled in favor of the defendant, by § 4172 of the Rev. of 1860, which reads as follows : " Actions and special proceedings already commenced, shall be continued in accordance with the law heretofore in force, except as to the provisions of chapter 159."

This chapter, which is the exception, relates to the subject of evidence, and of course does not affect the legal operation of the section, to the question before us. The codifiers seem to have anticipated more or less embarrassment growing out of a change of procedure, as it respects the disposition of causes pending at the time, and hence the wisdom and necessity of the provision alluded to. And we can scarcely conceive of a stronger case for the application of the rule intended to be established, than the one before us. The change is a material one, and deprives the objecting party of some privileges which he had a right to demand under the old law.

The appellant also insists that the overruling of his demurrer to plaintiff's second replication, was error, and urges a reversal of the cause on that point. We do not deem it necessary to advert to the substance of the replication or the ground of the demurrer, as we feel clear that under our Code system, which changes so materially the rules of the common [law, the demurrer was properly overruled. But upon the point first above discussed, the order for a reference must be reversed.

Reversed.